UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIE HARDIMAN, | ) | |
|        Movant, | ) | |
| | ) | |
| vs. | ) | 2:08-cv-408-LJM-MJD |
| | ) | TH 05-26-cr-M/L |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

Willie Hardiman was convicted by a jury of drug offenses and sentenced to 292 months imprisonment. He appealed and the Seventh Circuit affirmed. *United States v. Hardiman*, 2007 WL 2445989 (7th Cir 2007). Hardiman then filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. ' 2255.

**I. Background**

Hardiman and his brother Leslie were convicted after trial by jury of conspiracy to distribute in excess of fifty grams of a mixture containing cocaine base and with possession with intent to distribute in excess of fifty grams of a mixture containing cocaine base. Hardiman also faced the allegation in an Information pursuant to 21 U.S.C. § 851 that he had a prior felony drug conviction. On June 25, 2006, a sentencing hearing was conducted. At that hearing, the court determined that Hardiman's sentencing guidelines total offense level was 37 and his criminal history category was VI. That resulted in an advisory guidelines range of 360 months to life. The court sentenced Hardiman to a term of imprisonment of 292 months to be followed by ten years of supervised release.

Hardiman argued on appeal, among other things, that he received an unreasonable sentence. He challenged the sentence disparity caused by the sentencing guidelines' one-hundred-to-one crack cocaine to powder cocaine ratio used in calculating his sentencing guidelines range. This argument was denied.

## II. Discussion

Hardiman asserts that in light of the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), his sentence is unlawful and he is entitled to be resentenced.

In *Kimbrough*, the Supreme Court held that the one hundred-to-one crack cocaine to powder cocaine ratio was not a statutory dictate, but rather a judgment of the Sentencing Commission that was entitled to respect but not uncritical acceptance. *See also United States v. Taylor*, 520 F. 3d 746, 747 (7th Cir. 2008). The Seventh Circuit's decision in Hardiman's direct appeal conflicts with *Kimbrough*. But *Kimbrough* was decided after Hardiman's conviction and direct appeal became final and has not been made retroactive to cases on collateral review. *See United States v. Gordon*, 2008 WL 4682647 (W.D.Wis. May 16, 2008) ("Defendant seems to think he might be eligible for resentencing under *Kimbrough v. United States,* 128 S. Ct. 558 (2007), but he is wrong. His appeal became final before *Kimbrough* was decided and the Supreme Court has not given *Kimbrough* retroactive effect on sentences that became final before it was decided."); *Mock v. United States*, 632 F. Supp. 2d 323, 327 (S.D.N.Y. 2009) ("Mock's sentence became final before *Booker* and *Kimbrough* issued. Therefore, the Court cannot use either precedent to determine Mock's sentence differently now."). Because *Kimbrough* is not retroactive to cases on collateral review, this court cannot use it to reconsider Hardiman's sentence.

## III. Conclusion

As explained in Part III of this Entry, Hardiman is not entitled to relief pursuant to 28 U.S.C. ' 2255. His ' 2255 motion is therefore **denied.**

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Hardiman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/17/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Charles E Kirksey**
**Bell Kirksey & Associates**
**7382 Pershing**
**1 West**
**University City, MO 63130**

**gerald.coraz@usdoj.gov**